IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL LEWIS,                        *
      Plaintiff,
                                          *

     v.                                                      CIVIL ACTION NO.  PJM-08-2167
                                          *

WARDEN, et al.,
      Defendants.                       *
                                         ******

**<u>MEMORANDUM OPINION</u>**

Defendant Warden Hill[1] has moved for dismissal or summary judgment against Plaintiff Samuel Lewis.  Paper No. 18.  Plaintiff has filed a response.  Paper Nos. 23.  No hearing is necessary to resolve the issues before the Court.  *See* Local Rule 105.6 (D. Md. 2008).  For the reasons stated below, the dispositive motion filed by Defendant, treated as a motion for summary judgment, will be granted.

**Standard of Review**

**A.  Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the  plaintiff's complaint.  *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).  Dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Bell Atlantic Corp*. *v*. *Twombly*, 127 S.Ct. 1955,

---

[1] The other named defendants, Captain Donovan, Mr. Fuhrmaneck, and Mr. Plondin, have not been properly served.  For the reasons that follow, Plaintiff's claims against Captain Donovan shall be dismissed.  Plaintiff's claims against Fuhrmaneck and Plondin shall proceed.  Counsel for Hill shall be directed to provide service addresses for these Defendants under seal.

1968-69 (2007).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id*. at 1969.  The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.     Motion for Summary Judgment**

Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion.  As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc*., 840 F.2d 236, 240 (4th Cir. 1988).  The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial.  *See Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the Court now examines Plaintiff's claims.

## Background

Plaintiff alleges that during his incarceration at the Maryland Transitional Center ("MTC") he was denied adequate psychiatric care. Plaintiff states that he has a history of mental health problems and despite submission of numerous sick call slips, attempting suicide, cutting himself, and advising staff of his mental health problems, he did not receive psychiatric care. Paper Nos. 1, 3, 4 and 7. Plaintiff claims that Warden Hill failed to adequately supervise correctional and psychiatric staff to insure that he received adequate care *Id.* Plaintiff also claims that he advised Captain Donovan of his suicidal thoughts and that Donovan failed to ask medical or psychiatric staff to evaluate him, instead of removing Plaintiff to a single cell. Plaintiff states that he could have injured himself as a result of Donovan's failure to enlist the assistance of medical or psychiatric staff. *Id*.

Plaintiff also claims that he was denied access to the copy machine, legal briefs, and Division of Correction Directives, and states that unidentified MTC employees lost his property. *Id.*

## Analysis

**A.     Respondeat Superior**

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials "is not be based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition

that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

Plaintiff's claim against Warden Hill is based solely on his role as a supervisor in the institution. Plaintiff has pointed to no acts by Hill which would indicate that he interfered in any way in the medical or psychiatric care that Plaintiff received. Hill has had no direct personal involvement in Plaintiff's psychological care and Plaintiff's claim against him is subject to dismissal.

**B.     Failure to Protect**

Plaintiff claims that Donovan acted improperly by not helping him obtain medical or psychiatric assistance when Plaintiff complained to him of suicidal thoughts. Rather, Donovan placed Plaintiff in a single cell under observation. Plaintiff alleges that Donovan's actions were not in accordance with Division of Correction protocols. Plaintiff claims that the following day he was transferred to a cell that contained jagged metal which he could have used to harm himself.

In a failure to protect claim, a prisoner must show, first, that the harm he suffered was objectively serious, and second, that prison officials acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference in the context of a failure to protect claim means that defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Unless a prison official actually makes this inference, he does not act with deliberate indifference, even where his actions violate prison regulations or can be described as stupid or lazy. *See Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997); *see also Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997) ("[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety.")  Here, Plaintiff has failed to allege, much less demonstrate, that he suffered any actual harm as a result of the actions of Donovan's actions.  Rather, Plaintiff speculates as to the harm he could have, but did not, suffer. As such, Plaintiff's claim against Donovan shall be dismissed.

**C.     Access to Courts**

Plaintiff claims that he was denied the opportunity to copy materials, including "legal briefs" and Division of Correction directives.  Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977).  However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and

5

perfectly constitutional) consequences of conviction and
        incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Plaintiff has failed to allege, much less demonstrate, that he was injured in any way by his inability to access the documents he sought. Accordingly, this claim shall be dismissed.

**D.     Property Claim**

Plaintiff claims that MTC employees lost his property. Plaintiff does not state which employees were responsible for his loss or the nature of the loss. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[2]  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3]  Accordingly, Plaintiff's claim regarding his lost

---

[2] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient

6

property shall be dismissed.

**E.      Denial of Psychiatric Care**

Plaintiff's claims against Defendants Fuhrmaneck and Plondin for denial of psychiatric care shall proceed. Due to Plaintiff's pauper status, counsel for Hill shall be directed to provide to the Court, under seal, the last known business or personal addresses for Defendants Fuhrmaneck and Plondin.

## Conclusion

In light of the foregoing, Plaintiff's Complaint against Defendant Donovan shall be dismissed. Defendant Hill's Motion for Summary Judgment shall be granted. A separate order follows.

August 13, 2009

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.